# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, NOVEMBER, 1884.

## T. S. BUCHANNN, ADMR., VS. JAMES S. WAGNON.

### IN SUPREME COURT, TYLER TERM, 1884.

*Administration—Claims Postponed.*—If a secured claim be not presented within one year after the grant of letters of administration, it is not entitled to satisfaction, out of the property encumbered, till all claims of every character presented within the year has been fully paid.

Appeal from Harrison county.

We are called upon in this case to determine as to what is the effect of a failure to present a secured claim to an administrator within one year after the grant of letters of administration.

The appellant contends that, if the claim is not presented till after the year has elapsed, it is not entitled to satisfaction out of the property encumbered till all claims of every character presented within the year have been fully paid.

The appellee says that only that portion of the claim left unpaid, after the proceeds of the incumbered property have been exhausted, is postponed for the benefit of claims presented within the year.

Our revised statutes require that every claim for money not presented within twelve months after the grant of letters of administration shall be postponed until those presented within that time, and allowed and approved, shall have been first entirely paid. (Article 2015.)

It is well settled by the decisions of this court that all claims whether secured by liens or not, must be thus presented, or they

will suffer the penalties prescribed by statute for a delay in making the presentation. Graham vs. Viring, 1st Texas, 639 and 669 S. C., 2nd Texas, 433. Panzy vs. Swinney, 7 Id. 625 ; Robertson vs. Pa., 16 Texas, 472.

By the law of 1840 the claim became wholly barred, if not presented within the year. Hart. digest, article 1010.

Under that act this court held that a secured claim, if not thus presented, was barred not only as to its right to be satisfied out of the estate generally, but as to its right of satisfaction out of the specific property upon which it held a lien. 1 Texas, 639, 669; 2nd Texas, 433; 7 Id. 625.

Our present statute makes no change in the description of claims which are to be presented to the administrator, but merely inflicts a different penalty for a failure to present within the prescribed time.

It is like the act of 1840 in the nature of a statute of limitation affecting the remedy, but prescribing a less severe penalty for a failure to take the proper step within the prescribed time to force the claim.

The law of 1840 barred the second debt altogether and did not admit of its payment out of either the incumbered property of the estate, or out of its general assets, although every unsecured debt might have been already satisfied ; the present law does permit the claim, if presented after the lapse of a year, to come in for payment from the general assets, after all other debts, duly presented within the year and allowed and approved or established by suit have been paid in full.

This is made constantly to appear by the 247th article of the revised statutes which allows the administrator to pay such a claim in the event only that he has funds in his hands over and above what may be sufficient to pay all debts of every kind against the estate that were presented within the twelve months.

One of the principal objects in requiring claims to be presented within a year was to bring about an early settlement of the estates of deceased persons, to have them closed as soon as possible after the lapse of one year from the time they were opened.

In order to insure this, creditors are offered inducements to present their claims within the first year of the estate, and penalties are visited upon them if they fail to comply with the requirements of the law in this respect.

It would be idle to attempt to inforce diligence in the presenta·
tion of claims, if the creditor is to have the same privileges, whether
he be diligent and follow the requirements of the statute, or whether
he be negligent and holds back his claim from the knowledge of the
administrator ; and more especially if a second creditor can come
in after the estate has been .prepared for final settlement and distri-
bution by a sale of the incumbered property for the benefit of gen-
eral creditors, without knowledge of the creditor's lien upon it.

An exhibit, showing the number, character and condition of the
claims against the estate which have come to the knowledge of the
administrator, is required to be filed within one month after the expi·
ration of the year. Article 2043. The theory of the law is that the
estate stands pledged to pay : first, the claims entitled to payment,
or likely to become so according to the exhibit, and they must of
course be paid in full out of the assets, without reference to the pos-
sibility of other claims being presented in the future, neither the
administrator nor the court is expected to keep the estate open for
an indefinite time, and withhold its assets and funds from dilligent
creditors, for fear that some creditor may thereafter present a claim
secured by lien upon some portion of the assets.

The court, in classifying claims, includes only such as have been
established against the estate, for they alone can be paid. When
secured claims are ordered to be placed in the third class, the law
means secured claims only presented and established by acceptance
and approval, or by suit.

It has expressly provided the fifth class for such as have been pre-
sented after the expiration of the year, without discriminating be-
tween secured and unsecured claims, and we are not authorized to
make such destinction. We think, therefore, that the present claim
was postponed, even as to the property incumbered by it, until all
debts presented, and allowed and approved, or established by suit,
were fully paid ; and that it should have been placed in the fifth
class, and that the court below erred in giving it any other classifi-
cation.

We do not think that the judgment of the court upon the original
appeal affects the question in the least. That judgment was ren-
dered in a suit brought to establish the claim after its rejection by
the administrator.

The only effect of a recovery by the plaintiff was to place the

debt upon the same footing as if it had been originally allowed by the administrator and approved by the county court.

With its classifications the district court had nothing to do upon that appeal, and the judge rightly refused to make any order in that regard. His finding was that it was a valid claim against the estate, that it was secured by deed of trust and he remitted it to the county court to be ranked as a secured claim, presented after the expiration of one year from the grant of letters testamentary.

The county judge was left to determine the class in which such a claim should be placed, and according to our construction of the law he should place it in the fifth class. In ranking it as a third class claim the county judge erred, and the district court having affirmed his action, upon appeal, the judgment of that court must be reversed and the case remanded to the court below with instruction to reverse the judgment of the county court and direct that court to classify the claim in controversy as a claim of the fifth class against the estate of W. W. Hull, deceased.

As to the motion to strike out the assignment of errors submitted with the cause, this court has frequently held that it would not enforce so severe a penalty for a failure to file the assignment at the same time with the appeal bond when it had been filed in accordance with the statute before the appellant has taken the transcript from the clerks office, especially when no injury has accrued to the appellee from a failure to file the assignment within the time prescribed by the rules.

The motion must therefore be overruled. Reversed and remanded.

Willie, C. J.